# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| BRENT J. JOHNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1121 AGF |
| | ) |
| CITY OF FLORISSANT POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff Brent J. Johns (registration no. 1327955), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $14.93. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will issue process on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $74.62. Accordingly, the Court will assess an initial partial filing fee of $14.93.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the following twelve defendants: The City of Florissant; police officers Brian Panus, Steven Beckman, Joshua Smith[1],

---

[1]Plaintiff identifies defendant Joshua Smith as a member of the City of Florissant Police Department and also as a member of the St. Louis County Drug Task Force and an FBI Agent. Although plaintiff states that defendant Smith acted in his capacity as an FBI Agent and a St.

Phil Busby and Stephen Williams; Florissant Mayor Tom Schnieder; St. Louis County; the FBI; Florissant Police Chief Timothy Lowery, Sergeant Anthony Mocca; and Lieutenant Dennis Dehart. Plaintiff states that he sues the defendants in their official and individual capacities.

Plaintiff asserts that he was being followed by Florissant Police Officers Joshua Smith, Steven Beckman and Brian Panus, despite a direct order from Sergeant Anthony Mocca to stop following plaintiff in his vehicle. Plaintiff claims that he stopped his vehicle in the City of Florissant, and he put his hands out his driver's side window, but Officer Smith "rammed" his vehicle with his patrol car. Plaintiff further asserts that even though he had his hands out the window, Officer Beckman tased him without warning, causing him to lose control of his vehicle and hit his head on the door of his vehicle.

Plaintiff claims that these actions by defendants resulted in plaintiff being charged with property damage, assault in the second degree and leaving the scene of an accident. Plaintiff asserts that defendants acted in a conspiracy against plaintiff, giving false testimony to Phil Busby about the actions that occurred, as well as the City of Florissant's insurance company. Plaintiff claims that defendants violated his due process rights during the course of his arrest in violation of the Fourth Amendment, as well as caused him emotional distress. In essence, plaintiff is asserting that he was falsely arrested and imprisoned in violation of the Fourth Amendment by defendants Mocca, Smith, Beckman and Panus on March 1, 2017.

Furthermore, Plaintiff states that Sergeant Mocca and Officers Panus, Smith and Beckman approached him while he was lying face down posing no threat, and stomped on him and assaulted him with their fists and batons. Plaintiff asserts that defendants violated his Fourth

---

Louis County Drug Task Force Agent at the time of the allegations in the complaint, his assertions are entirely conclusory, as there is no indication that this defendant was acting in any capacity as anything other than a City of Florissant Police Officer at the time of the altercation.

Amendment rights when they used excessive force in the course of his arrest and false imprisonment. Plaintiff alleges that as a result of the beating he received, he suffers from extensive back, neck and spinal injuries, as well as concussion syndrome, migraine headaches, Post-traumatic Stress Syndrome, black-outs, vertigo and vision loss.

Plaintiff states that Chief Lowery, as well as Sergeant Anthony Mocca, failed to supervise and train Officers Panus, Beckman and Smith, causing him to be injured by them during the altercation on March 1, 2017. Additionally, plaintiff alleges that The City of Florissant (and unnamed City Counselors), as well as Mayor Tom Schneider, failed to act and failed to intervene to set forth or change policies, customs and procedures that resulted in plaintiff being injured on March 1, 2017. However, there is no indication that any of the aforementioned supervisory defendants were at the scene on March 1, 2017, except for Sergeant Anthony Mocca.

Plaintiff additionally complains that Officer Williams denied him medical care on March 1, 2017 by threatening his life if he accepted medical treatment. Plaintiff asserts that Officers Panus and Beckman also denied him medical care on March 1, 2017 on the way to Christian Northwest Hospital and again in the emergency room by threatening to beat him if he accepted medical treatment.

Plaintiff states that Mayor Schneider failed to intervene to change laws, statutes, ordinances, policies and customs which resulted in further harm to him through the denial of medical care due to the threats of Officers Panus, Beckman and Williams on March 1, 2017.

Plaintiff alleges that The City of Florissant and Schneider failed to properly screen the hiring of Chief Lowery, Lieutenant Dehart, Sergeant Mocca, and Florissant Police Officers

Panus, Beckman, Smith, Williams, an unknown police dispatcher, and a police headquarters intake jailer, causing plaintiff to be injured on March 1, 2017.

Plaintiff seeks monetary damages in his complaint against defendants.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may

exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

## Discussion

### A. Excessive Force Claims Against Defendants Beckman, Mocca, Panus and Smith

Plaintiff alleges that defendant Beckman used excessive force when he tased plaintiff as he sat in his car with his arms in clear view and held out the car window. Plaintiff alleges that defendants Mocca, Panus, Smith and Beckman approached him while he was lying face down posing no threat, and stomped on him and assaulted him with their fists and batons. Having liberally construed the complaint, the Court concludes, for purposes of initial review, that plaintiff has adequately stated claims of excessive force in violation of the Fourth Amendment[2] against Beckman, Mocca, Panus, and Smith in their individual capacities, and these claims will be allowed to proceed.

---

[2]Plaintiff states that the defendants' actions violated his Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. However, because plaintiff alleges that the defendants used excessive force in the course of arresting him, his claims arise under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386 (1989) (claims that law enforcement officials used excessive force in the course of an arrest, investigatory stop, or other seizure of a person are properly analyzed under the Fourth Amendment's "objective reasonableness" standard rather than under a substantive due process standard).

### B. False Arrest/False Imprisonment and Conspiracy Claims Against Defendants Beckman, Mocca, Panus and Smith

Plaintiff alleges that defendants Beckman, Mocca, Panus and Smith falsely arrested and imprisoned him in violation of the Fourth Amendment when they unlawfully stopped him by slamming into his car and seized him from the car by tasing him. Plaintiff also asserts that defendants falsely arrested him, unlawfully charging him with property damage, assault in the second degree and leaving the scene of an accident. In actuality, plaintiff was charged in *State v. Johns*, No. 17SL-CR01553-01 (22nd Judicial Circuit, St. Louis County Court), with two counts of assault in the second degree, a Class B Felony, as well as two counts of resisting arrest, a Class E felony. Plaintiff plead guilty to two counts of resisting arrest on August 3, 2018. Plaintiff was sentenced to a total of three years' imprisonment.

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Plaintiff has admitted that he was resisting arrest in the altercation described in this action by pleading guilty to the charges against him. He has not brought any appeals of his conviction or post-conviction proceedings to overturn his conviction at this time. Thus, arguing in a § 1983 lawsuit that he was wrongly arrested or that the statements against him at the time of his arrest were false would necessarily imply the invalidity of the crime for which he has pled guilty. As such, *Heck* bars plaintiff's Fourth Amendment claims that he was illegally seized, arrested without probable cause and that he was falsely arrested/falsely imprisoned as a result of

fabricated reports. Thus, plaintiff's claims that defendants acted in a conspiracy against him also fail to state a claim at this time.

### C. Denial of Medical Care Claims Against Defendants Williams, Panus and Beckman

Plaintiff alleges that defendants Williams, Panus and Beckman denied him medical care by threatening or coercing him into refusing treatment. Having liberally construed the complaint, the Court concludes, for purposes of initial review, that plaintiff has adequately stated claims of deliberate indifference in violation of the Fourteenth Amendment[3] against defendants Williams, Panus and Beckman in their individual capacities, and these claims will be allowed to proceed.

### D. Failure to Intervene Claims Against Defendants Lowery, Panus, Dehart, Beckman, Mocca and Smith

Plaintiff alleges that Chief Lowery and Officer Mocca failed to intervene on March 1, 2017 to prevent excessive force from being used against him. Elsewhere in the complaint, plaintiff alleges that, on March 1, 2017, Officer Beckman unlawfully tased him, and Mocca, Panus, Smith and Beckman all stomped on him and assaulted him with their fists and batons as he lay on the ground.

The Eighth Circuit has recognized that "an officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009); *see also Krout v. Goemmer*, 583 F.3d 557 (8th Cir. 2009). An officer may be held liable if he "(1) observed or had reason to know that excessive force would be or was being used, and (2) the officer had both

---

[3] Plaintiff states that the defendants' actions violated his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights. As an arrestee, plaintiff's constitutional claims based on denial of medical care arise under the Fourteenth Amendment. Even so, courts still apply the Eighth Amendment's deliberate indifference standard to the claims of arrestees. *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012).

the opportunity and the means to prevent the harm from occurring." *Nance*, 586 F.3d at 612 (quoting *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008)); *see also Farrington v. Smith*, 707 F.3d 963, 972 (8th Cir. 2013).

Liberally construing the complaint, plaintiff can be understood to allege that Mocca, Panus, Beckman and Smith were all present on March 1, 2017 when excessive force was used against him, would therefore have observed or had reason to know that excessive force would be or was being used, and had the opportunity and means to prevent it. The Court concludes, for purposes of initial review, that plaintiff has adequately stated claims against Mocca, Panus, Beckman and Smith under the Fourth Amendment. These claims will be allowed to proceed against these defendants in their individual capacities.

However, the complaint contains no factual allegations that Chief Lowery or Lieutenant Dehart were present during any of the alleged excessive use of force, that there was any way they could have observed or had reason to know that excessive force would be or was being used, or that they had opportunity or means to prevent it. The Court therefore concludes that plaintiff fails to state a claim under the Fourth Amendment against defendants Lowery or Dehart. *See Farrington*, 707 F.3d at 972 (it is fatal to a failure to protect/intervene claim if a plaintiff cannot show that the officer observed or had reason to know that excessive force would be or was being used).

**E. Defendants Lowery, Mocca, and Dehart – Failure to Supervise or Train**

Plaintiff alleges that Chief Lowery, Sergeant Mocca and Lieutenant Dehart failed to supervise and train other defendants who violated plaintiff's constitutional rights.

9

Supervisors are not liable under § 1983 for constitutional violations of subordinates under a respondeat superior theory. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). A supervisor's individual liability arises if:

> he directly participates in a constitutional violation or if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights. The plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation.

*Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996)). A claim against a municipal employee in his official capacity is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

The allegations outlined by plaintiff are merely conclusory. For example, plaintiff alleges that Lowery, Mocca and Dehart:

> failed to train, supervise, and intervene and knowing their employees' violent propensities are being deliberately indifferent to the public wellbeing (me) when I was beaten and the Officer Smith rammed my vehicle, tased me. . .Sgt. Anthony Mocca failed to train and supervise his officers (Smith, Panus, Beckman) as they continued to strike me as I remained face down on the ground.

As to defendants Lowery and Dehart, these are the "threadbare recitations of the elements of a cause of action, supported by mere conclusory statements" that are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. Because defendants Lowery and Dehart were not purportedly at the scene at the time of the alleged incident, the complaint alleges no facts that would have alerted Lowery or Dehart that their subordinates were inadequately trained or supervised and that this was likely to result in a constitutional violation, and there are no factual allegations tending to show a direct causal link between any municipal policy, custom or procedure and the alleged

constitutional violations. Thus, the Court concludes that plaintiff fails to state a claim against Lowery or Dehart in their official or individual capacities relating to a failure to train or supervise.

The Court will issue process, however, as to defendant Mocca on plaintiff's failure to supervise claim, as defendant Mocca was allegedly at the scene at the time that plaintiff claims he was subjected to excessive force.

### F. Defendants The City of Florissant, Mayor Schneider (Unnamed City Counselors) or St. Louis County – Failure to Intervene and/or Change Policies or Customs

Plaintiff states that The City of Florissant and Schneider "failed to act, failed to intervene to set forth or change policies, customs and procedures" that resulted in plaintiff being injured on March 1, 2017. Plaintiff further states that Mayor Schneider "failed to intervene to change laws, statutes, ordinances, policies, and customs" which resulted in plaintiff being denied medical care on March 1, 2017. Plaintiff has not made any specific allegations against St. Louis County. Rather, plaintiff merely notes that Officer Smith sometimes served on a task force working for both St. Louis County, as well as for the FBI.

Again, plaintiff sets forth his claims in a wholly conclusory fashion. He makes no attempt to identify any specific policy, custom, procedure or law he believes should have been changed or implemented, and he makes no attempt to allege what acts or omissions give rise to his claims. Instead, he merely sets forth legal conclusions and the "threadbare recitations of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found insufficient. *Iqbal*, 556 U.S. at 678. Plaintiff also fails to allege facts tending to show a direct causal link between any municipal policy, custom or procedure and the alleged constitutional violations. In addition, to the extent plaintiff alleges that any defendant's failure to

11

intervene resulted in a denial of medical care, such claims are subject to dismissal. *See Hess v. Ables*, 714 F.3d 1048, 1052 (8th Cir. 2013) (recognizing a duty to intervene only in the context of the use of excessive force). The Court concludes that plaintiff's allegations do not state a claim upon which relief may be granted against The City of Florissant, St. Louis County or against Mayor Schneider or the unnamed City Counselors.

### G.  Defendants The City of Florissant, St. Louis County or Mayor Schneider – Failure to Properly Screen for Hiring

Plaintiff claims that The City of Florissant and Schneider "failed to properly screen the hiring of" Lowery, Dehart, Mocca, Panus, Beckman, Smith, Williams, an unknown police dispatcher, and a police headquarters intake jailer, which resulted in plaintiff being injured and denied medical care on March 1, 2017. Plaintiff further states that Schneider "failed to adequately screen new hiring of" Mocca, Panus, Beckman, Smith and Williams, resulting in plaintiff being injured on March 1, 2017.

"Every injury suffered at the hands of a municipal employee can be traced to a hiring decision in a 'but for' sense: But for the municipality's decision to hire the employee, the plaintiff would not have suffered the injury. To prevent municipal liability for a hiring decision from collapsing into *respondeat superior* liability, a court must carefully test the link between the policymaker's inadequate decision and the particular injury alleged." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 411 (1997). Here, plaintiff's allegations are merely the "threadbare recitations of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found insufficient. *Iqbal*, 556 U.S. at 678. Plaintiff alleges no facts tending to show how any defendant made an inadequate hiring decision, or how any allegedly inadequate hiring decision is linked to any wrongdoing. Instead, plaintiff appears to proceed on a theory of *respondeat superior*, which is not cognizable in these

12

proceedings. The Court concludes that plaintiff's allegations do not state a claim upon which relief may be granted against The City of Florissant, St. Louis County or Mayor Schneider.

### H. Defendants City of Florissant Police Department

To the extent plaintiff is attempting to bring a claim against the City of Florissant Police Department, the claim is legally frivolous because police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992) (police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government.")

### I. Claims Against the Federal Bureau of Investigation ("FBI")

To the extent plaintiff is attempting to bring an action against the Federal Bureau of Investigation ("FBI"), simply because he believes Officer Smith was a liaison officer with the FBI, his cause of action fails to state a claim upon which relief may be granted.

First, plaintiff has failed to state a plausible claim for violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has not alleged enough facts to indicate that Officer Joshua Smith was an FBI agent rather than simply an Officer with the Florissant Police Department assigned to liaison with the FBI. In such case, Officer Smith would not be employed by the FBI, instead, he would still be employed by the Florissant Police Department.

Even if Officer Smith was employed by the FBI, there is no indication that plaintiff has properly brought a claim against the FBI in this action. To bring an action under the Federal

Torts Claims Act, 28 U.S.C. § 1346, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. *McCoy v. United States*, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").

Thus, prior to bringing a claim against the FBI, plaintiff will need to show that he has exhausted his administrative remedies by first filing his claims under the Federal Torts Act with the proper administrative agency. Plaintiff will be provided thirty days in which to do so.

### J. Official Capacity Claims Against Beckman, Mocca, Panus, Smith and Williams

Plaintiff's official capacity claims against Beckman, Mocca, Panus, Smith and Williams are legally frivolous and will be dismissed. Naming a government official in his official capacity is the equivalent of naming the government entity that employs the official, which in this case is a police department. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum*, 974 F.2d at 82. Furthermore, the complaint contains no non-conclusory allegations alleging a direct causal link between a municipal policy or custom and the alleged constitutional violation. *Monell*, 436 U.S. at 690-91. The Court therefore concludes that the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to Beckman, Mocca, Panus, Smith and Williams in their official capacities.

### K. Assault and Intentional Infliction of Emotional Distress Claims Against Beckman, Mocca, Panus and Smith

As a final matter, the Court notes that he believes the officers are guilty of assault. Thus the Court will interpret plaintiff's assertions to mean that he wishes to pursue a claim for the

Missouri state tort of assault against the four defendants he alleges that "beat him," Mocca, Panus, Smith and Beckman. The Court will issue process against these four defendants on this claim.

However, plaintiff does not have a judicially cognizable interest in the prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and this Court cannot compel a criminal prosecution against defendants. *See Ray v. Dep't of Justice*, 508 F.Supp. 724, 725 (E.D. Mo. 1981) ("It is well settled that initiation of federal criminal prosecution is a discretionary decision within the Executive Branch not subject to judicial compulsion.").

Furthermore, plaintiff asserts that defendants Mocca, Panus, Smith and Beckman are also liable for intentional infliction of emotional distress as a result of their use of excessive force on March 1, 2017. Under Missouri law, the tort of intentional infliction of emotional distress has four elements: (1) the defendant must act intentionally or recklessly; (2) the defendant's conduct must be extreme and outrageous; and (3) the conduct must be the cause (4) of severe emotional distress. *See Polk v. Inroads/St. Louis, Inc.*, 951 S.W.2d 646, 648 (Mo. Ct. App. 1997). "Although case law does not provide us with a precise definition of extreme and outrageous, the test adopted by Missouri courts for actionable conduct is that the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (internal quotations omitted). Additionally, the conduct must be "intended only to causes extreme emotional distress to the victim." *See Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997).

Given plaintiff's allegations in this matter, the Court will issue process on plaintiff's claims of intentional infliction of emotional distress on defendants Mocca, Panus, Smith and Beckman at this time.

### L. Plaintiff's Motion for Appointment of Counsel Will be Denied At this Time

Lastly, plaintiff's request for appointment of counsel will be denied at this time, without prejudice, as the Court does not believe that the factual and legal issues involved in this action are complex, and it is not yet apparent whether plaintiff has presented non-frivolous allegations supporting his request for relief. *See, e.g., Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson v. Redfield Lithograph Printing,* 728 F.2d 1003, 1005 (8th Cir. 1984).

After reviewing the entirety of plaintiff's allegations, plaintiff is left with excessive force/failure to intervene claims against four individuals in this action, in addition to a denial of medical claim against three individuals. Plaintiff also has a common law assault claim, as well as a state law intentional infliction of emotional distress claim still remaining in this action. It appears that plaintiff is able to represent his own interests at this time given the directness of the case before him. If at some time in the future plaintiff wishes to seek counsel as a result of unforeseen circumstances, he may once again do so. Thus, plaintiff's motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $14.93 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Brian Panus, Steven Beckman, Joshua Smith, and Anthony Mocca in their individual capacities on plaintiff's claims of Fourth Amendment excessive force and failure to intervene, as well as Missouri state law claims of assault and intentional infliction of emotional distress. The Court will also issue process on defendants Brian Panus, Steve Beckman and Stephen Williams in their individual capacities as to plaintiff's Fourteenth Amendment claims of denial of medical care. The Court will also issue process on defendant Anthony Mocca in his individual capacity as to plaintiff's failure to supervise claim in violation of the Fourteenth Amendment. Defendants shall be served by issuance of summons at the St. Louis County Police Department with service by the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Brian Panus, Steven Beckman, Joshua Smith, Stephen Williams, and Anthony Mocca shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to be issued as to defendants The City of Florissant Police Department, The City of Florissant, Tom Schneider, Timothy Lowery, Dennis Dehart, St. Louis County, Florissant Mayor, Florissant City Council, Unnamed Florissant City Counselors are **DISMISSED** without prejudice because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's false arrest/false imprisonment and conspiracy claims under the Fourth Amendment against defendants Steve Beckman, Anthony Mocca, Brian Panus and Joshua Smith because these claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's claims against defendant Tim Lowery and Dennis Dehart for failure to supervise or train the Officers involved in the March 1, 2017 altercation alleged in plaintiff's complaint. Plaintiff's allegations are frivolous or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue on plaintiff's claims against defendants Brian Panus, Steven Beckman, Joshua Smith, Stephen Williams, and Anthony Mocca in their official capacities. Plaintiff's allegations against defendants in their official capacities are frivolous or fail to state a claim upon which relief may be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to provide the Court with his prison account statement [Doc. #5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that plaintiff's shall show cause within thirty (30) days of the date of this Order why defendant the FBI should not be dismissed from this action. **Plaintiff's failure to respond to the Order to Show Cause will result in a dismissal of the FBI without prejudice.**

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of March, 2019.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE