**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENT J. JOHNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-CV-1121 AGF |
| | ) | |
| CITY OF FLORISSANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions filed by pro se Plaintiff Brent

Johns.  Plaintiff initiated this action under 42 U.S.C. § 1983 alleging that Defendants

violated his constitutional rights when they arrested him on March 1, 2017.  Plaintiff is

asserting claims against Defendants for excessive force, failing to intervene, failing to

supervise, failing to provide adequate medical care, assault and battery, and intentional

infliction of emotional distress.  On March 30, 2020, Defendants filed a motion for

summary judgment arguing that Plaintiff did not have a submissible case.  (Doc. No. 50).

Plaintiff did not file a timely response.  On May 8, 2020, Defendants filed a "reply"

where they noted that lack of response from Plaintiff and again requested the Court grant

summary judgment on all of Plaintiff's claims.  (Doc. No.56).

By June 9, 2020, Plaintiff had still not filed any response to Defendants' motion.

As such, the Court issued an Order that Plaintiff show cause why Defendants' motion for

summary judgment should not be granted for the reasons set forth in their motion.  (Doc.

No. 57).  Plaintiff did not file a timely response to that show cause order.  On July 10,

2020, however, Plaintiff sent a letter to the Court in which he requested a status update on his case and appeared to be unaware that the Court had ordered him to show cause. (Doc. No. 58). Out of caution, the Court ordered that the Court's June 9, 2020 Order be resent to Plaintiff and gave him until July 27, 2020, to show cause why Defendants' summary judgment motion should not be granted. (Doc. No. 59).

A flurry of activity followed. Plaintiff filed a motion to appoint counsel (Doc. No. 63), along with a statement of material facts and a hundred pages and two CDs worth of accompanying exhibits. (Doc. No. 60-61). On Defendants' motion, the Court granted Defendants additional time to respond to Plaintiff's filings. (Doc. No. 62, 64). Before Defendants filed their response, however, Plaintiff filed a motion to request extra time to file more documents (Doc. No. 66) and a motion to compel (Doc. No. 67). Defendants filed an opposition to these motions and filed their response to Plaintiff's earlier filed statement of material facts. (Doc. Nos. 68-70). Plaintiff then filed a motion to supplement summary judgment (which consisted of eighty-eight pages of deposition testimony—that Plaintiff had made handwritten notes on—from the criminal case that followed Plaintiff's arrest) (Doc. No. 72), as well as two letters that appear to be a response to Defendants' opposition to his motions for extra time and to compel (Doc. No. 74) and a request to receive a copy of Defendants' summary judgment motion (Doc. No. 73). Notwithstanding the Court's several prior orders referencing Defendants' motion for summary judgment, this was the first time that Plaintiff specifically stated that he had not received a copy of Defendants' motion for summary judgment. On September 9, 2020,

Defendants filed opposition to Plaintiff's attempt to supplement the record with

deposition testimony from his criminal case.  (Doc. No. 75).

For purposes of efficiency, the Court will address Plaintiff's motion to request

time for documents (Doc. No. 66); motion to compel (Doc. No. 67); motion to

supplement summary judgment (Doc. No. 72); and motion to appoint counsel (Doc. No.

63) in this Order.  For the following reasons, all of Plaintiff's motions will be denied.

## DISCUSSION

### I.      Plaintiff's motions to compel and to request time for documents.

In his motion to compel, Plaintiff alleges that he requested a list of relevant

documents from Defendants which he never received.  These documents include several

Florissant Police Department manuals (including use of force and pursuit by vehicle

policies); "background checks" (presumably, of the named Defendants); the

Department's hiring procedures; and dash camera and body camera footage from the

Defendants.  Plaintiff requests the Court order that Defendants produce these materials,

and further filed a motion requesting extra time to then file these documents with the

Court alongside copies of depositions that were taken in his criminal case.

In response, Defendants argue that Plaintiff's motions should be denied outright

because they are untimely.  Defendants assert that Plaintiff had eleven months to engage

in discovery, was provided several extensions to respond to Defendants' summary

judgment, and that, if the Court were to allow for additional supplement and untimely

discovery requests, that Defendants would experience prejudice.  Defendants also argue

that Plaintiff's motion to compel should be denied because Plaintiff never submitted his

3

initial disclosures to Defendants, meaning he is not authorized to engage in discovery.

Moreover, Defendants argue that his motion to compel should be denied because the

materials he requested are not relevant to his claims or do not exist.  Specifically,

Defendants have stated that there is no dash camera or body camera video.

The Second Amended Case Management Order, entered on January 23, 2020,

states in relevant part:

> **IT IS FURTHER ORDERED** that following schedule shall apply in
> this case, and will be modified only upon a showing of exceptional
> circumstances:
>
> . . . .
>
> 4.      Following disclosure each party may engage in discovery
> under the Federal Rules of Civil Procedure but all discovery in this case must
> be completed by **February 21, 2020**. *Parties shall file motions to compel in*
> *a prompt manner and in no event after the discovery deadline*.

(Doc. No. 45 at 1 (italics added)).  Plaintiff mailed his motion to compel on August 11,

2020—nearly six months after the expiration of the discovery deadline set out in the

scheduling order.  Plaintiff, in essence, is requesting this Court to excuse the tardiness of

his motion and to greatly modify this case's scheduling deadlines to allow for discovery

to occur after dispositive motion deadlines were due to be fully briefed.  The schedule,

however, "may be modified only for good cause and with the judge's consent."  *Petrone*

*v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. Oct. 10, 2019) (quoting *Marmo v.*

*Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006)).  And, "[t]o establish good

cause, a party must show its diligence in attempting to meet the progression order."  *Id.*

(quoting *Marmo*, 457 F.3d at 759).

4

Here, Plaintiff has not presented the Court with any reason for why his discovery request was so delayed or shown that he was diligent in attempting to meet the scheduling order's deadlines.  Plaintiff only asserts that he made requests for these documents in October, but that Defendants never responded.  If that was the case, Plaintiff should have diligently filed a motion with this Court explaining Defendants' alleged discovery failures.  In failing to raise those concerns until several months later, Plaintiff failed to attempt to abide by the scheduling order.  As a result, Plaintiff cannot show good cause and the Court—in the exercise of its discretion—will deny his motion to compel.  *See McMahon v. Robert Bosch Tool Corp.*, No. 4:18-CV-583 CAS, 2019 WL 5213046, at \*4 (E.D. Mo. Oct. 16, 2019) ("Because . . . plaintiff has not been diligent in attempting to meet the case management order's requirements, he has not shown good cause under Rule 16(b) to modify the order.").

Because the Court is denying Plaintiff's motion to compel, the Court will also deny Plaintiff's motion for extra time to file documents.  Plaintiff's motion for extra time asked the Court for thirty additional days to submit materials he wished to compel from Defendants (which, due to his untimeliness, he shall not receive), as well as depositions from his criminal case (which he filed with the Court on September 1, 2020).  As a result, Plaintiff's motion is moot.

## II.     Motion to Supplement

On September 1, 2020, Plaintiff filed five deposition transcripts as a supplement to his motion for summary judgment.  These depositions were taken from the criminal case that was initiated against Plaintiff following his arrest on March 1, 2017.  Plaintiff argues

5

that these depositions are relevant and should be allowed into evidence because they "will show the conspiracy to commit perjury, insurance fraud, . . . perjury, [and] conspir[acy] to file police reports," and also support his allegation that the Defendants used excessive force against him.  Defendants oppose Plaintiff's supplement for several reasons, including that it is untimely; contains documents that were not produced by Plaintiff during discovery; does not comply with Local Rule 4.01(E); contains inadmissible testimony; and contains Plaintiff's handwritten statements and notations that were not made under penalty of perjury.

Plaintiff filed this supplement more than four months after his response to summary judgment was due, and more than a month after the deadline for the second extension this Court gave to Plaintiff in its July 13, 2020 show cause order.  Plaintiff has, again, failed to explain to the Court why these documents were so delayed or shown that he was diligent in attempting to meet the scheduling order's deadlines.  Because Plaintiff has not shown good cause as to why these documents should be received so long after the deadline for dispositive motions, the Court—in the exercise of its discretion—will deny his motion to supplement.[1]  *See McMahon*, 2019 WL 5213046, at *4.

---

[1] The Court notes that, even if it were to allow the depositions to come into evidence, that the Court would not be required to consider them for the purposes of ruling on Defendants' summary judgment motion.  Under Local Rule  4.01(E), a party opposing summary judgment is required to set forth in their response to the moving party's statement of material facts "specific citation(s) to the record, where available."  Plaintiff, in his statement of material facts, did not cite to any specific portions of the deposition transcripts.  As such, the Court would not be obligated to read through the transcripts to determine what testimony could be used to support Plaintiff's argument.  *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 817 (8th Cir. 2004) ("It is not a court's obligation to search the record for specific facts that might support a litigant's claim[.]"

### III.    Motion to Appoint Counsel

Plaintiff, citing his lack of legal knowledge and his current incarcerated state, requests that he be appointed an attorney.  There is no constitutional right for a pro se plaintiff to have counsel appointed in a civil case, although the Court has discretion to appoint counsel when necessary.  *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011); *Phillips v. Jasper Cty. Jail*, 437 F.3d. 791, 794 (8th Cir. 2006).  Among the factors a court should consider in making this determination are the factual and legal complexity of the case, the ability of the plaintiff to present the facts and his claims, and the degree to which the plaintiff and the court would benefit from such an appointment.  *Phillips*, 437 F.3d. at 794.   Upon review of the record thus far, the Court does not believe that the appointment of counsel is warranted.  Therefore, the Court will deny Plaintiff's motion.

### IV.    Letter to the Court

The Court received a letter from Plaintiff on September 1, 2020, in which he stated he had yet to receive "a copy of the Defendants Summary Judgment." (Doc. No. 73). The Court assumes that Plaintiff has received Defendants' motion for summary judgment and the accompanying memorandum, as Plaintiff has filed a statement of facts in opposition to the motion.  In addition, the Clerk of the Court has already directed Defendants to resend the documents to him. Nevertheless, the Court will also direct the Clerk of the Court to mail a copy of Defendants' summary judgment filings to Plaintiff.

-----

(citing *Crossley v. Georgia–Pacific Corp.*, No. 03–2320, 2004 WL 99022, at *1 (8th Cir. Jan.22, 2004) (per curiam))).

Further, the Court will provide Plaintiff with one final opportunity to respond, directly, to Defendants' motion for summary judgment.  Plaintiff must file his response within thirty days of the date of this Order.  Plaintiff's response shall be **no more than twenty pages**.  Plaintiff must also file a separate response to Defendants' statement of material facts filed in support of their motion for summary judgment, in which Plaintiff must admit or deny or otherwise respond to the facts alleged.  The response must be in separately numbered paragraphs, each of which must respond to the paragraph of Defendants' statement, and to the extent not admitted, Plaintiff must point to the specific place in the court record *in this case* that supports Plaintiff's assertion.   See Local Rule 4.01(E).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to appoint counsel (Doc. No. 63), motion to compel (Doc. No. 67), and motion to supplement summary judgment (Doc. No. 72) are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to request time for documents (Doc. No. 66) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of Defendants' motion for summary judgment (Doc. No. 50), the accompanying memorandum and statement of facts in support  (Doc. Nos. 51-52), and Defendants' Reply (Doc. No. 56) to Plaintiff Johns.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty days, to and including October 14, 2020, to file a final response (of no more than 20 pages) to

8

Defendants' motion for summary judgment, and specific responses to Defendants'

Statement of Material Facts.  The Court notes that Plaintiff has failed to meet his

requirements in a timely manner, and Plaintiff should not expect the Court to grant any

further extension of time to respond to Defendants' motion for summary judgment.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of September, 2020.